JS-6

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT - 5 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

ALAN PHELPS
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, DC 20044-0386
Telephone: 202-307-6154
Facsimile: 202-514-8742
alan.phelps@usdoj.gov

THOMAS P. O'BRIEN
United States Attorney
LEE WEIDMAN
Chief, Civil Division
GARY PLESSMAN
Assistant United States Attorney
Chief, Civil Fraud Section
California State Bar No. 101233
Room 7516, Federal Building
300 N. Los Angeles St.
Los Angeles, CA 90012
Telephone: 213-894-2474
Facsimile: 213-894-2380
E-mail: gary.plessman@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN HOME MORTGAGE, INC., a corporation, also d/b/a WHOLESALE HOME LENDERS, <br><br> Defendant. | SA CV09-0936-DOC(RNBx) <br><br> Civil Action No. |

**STIPULATED FINAL JUDGMENT AND ORDER FOR CIVIL PENALTIES, PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or

Stipulated Judgment - Metropolitan

"Commission"), is concurrently filing its Complaint herein, which alleges that Defendant Metropolitan Home Mortgage, Inc., also doing business as Wholesale Home Lenders has engaged in violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. Defendant has agreed to entry of this Stipulated Final Judgment and Order for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Order") to resolve all matters in dispute in this action without trial or adjudication of any issue of law or fact herein and without Defendant admitting the truth of, or liability for, any of the matters alleged in the Complaint. Defendant has waived service of the Summons and Complaint.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over Defendant.

2. Venue in this district is proper under 28 U.S.C. §§ 1391(b) - (c), 28 U.S.C. § 1395(a), and 15 U.S.C. § 53(b).

3. The Complaint states a claim upon which relief may be granted against Defendant under sections 5(a), 13(b), and 16(a) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 53(b), and 56(a); sections 615 and 621 of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681m and 1681s; and the Prescreen Opt-Out Notice Rule, 16 C.F.R. Part 642, promulgated pursuant to section 615(d)(2) of the FCRA, 15 U.S.C. § 1681m(d)(2).

4. This agreement is for settlement purposes only and does not constitute an admission by Defendant that the law has been violated as alleged or that any of the facts alleged, other than the jurisdictional facts, are

Stipulated Judgment - Metropolitan     Page 2 of 12

true. This agreement constitutes the final resolution of all the allegations and claims in the complaint.

5. Defendant waives:

   a. all rights to seek appellate review or otherwise challenge or contest the validity of this Order;

   b. any claim Defendant may have against the Commission, its employees, representatives, or agents that relate to the matter stated herein; and

   c. all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorneys' fees that may arise under said provision of law.

6. Entry of this Order is in the public interest.

7. For the purpose of this Order:

   a. "Defendant" means Metropolitan Home Mortgage, Inc. ("Metropolitan"), also doing business as Wholesale Home Lenders ("Wholesale"), and its successors and assigns.

   b. The definitions set forth in the FCRA, 15 U.S.C. §§ 1681a, *et seq.* and the Prescreen Opt-Out Notice Rule, 16 C.F.R. Part 642, shall apply.

## ORDER

## I. CIVIL PENALTY

**IT IS ORDERED** that Defendant shall pay to Plaintiff, pursuant to section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), a civil penalty in the amount of Twenty Thousand Dollars ($20,000) as follows:

1  A. Defendant shall make this payment within ten (10) business days of the date of entry of this Order by electronic fund transfer or cashier's check in accordance with instructions provided by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. 20530, for appropriate disposition.

B. In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due and payable;

C. This judgment represents a civil penalty owed to the United States Government and is not compensation for actual pecuniary loss, and, therefore, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D. Proceedings initiated under this Part to collect any unpaid civil penalty are in addition to, and not in lieu of, any other civil or criminal penalties that may be provided by law, including any other proceedings Plaintiff may initiate to enforce this Order.

E. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant, and its officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any business entity, corporation,

subsidiary, division, affiliate, or other device, in connection with the making of any "firm offer of credit or insurance" as that term is defined in section 603(l) of the FCRA, 15 U.S.C. § 1681a(l), are hereby permanently restrained and enjoined from failing to comply with the Prescreen Opt-Out Notice Rule, 16 C.F.R. Part 642, which establishes the format, type size, and manner of the notices to consumers required pursuant to section 615(d) of the FCRA, 15 U.S.C. § 1681m(d), informing consumers of their right to opt out of having their consumer report information used to send them unsolicited offers of credit or insurance.

## III. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to, obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69; and

C. Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

**Provided however,** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to any unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)) or to any violation of the FCRA.

## IV. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order, Defendant shall notify the Commission of any change in structure or any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided that*, with respect to any proposed change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they

have complied and are complying with this Order. This report shall include, but not be limited to:

    1.     A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

    2.     Any other changes required to be reported under Subsection A of this section.

C.     Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.     For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

    Associate Director for Enforcement
    Federal Trade Commission
    600 Pennsylvania Avenue, N.W., Room NJ-2122
    Washington, DC 20580
    RE: FTC v. Wholesale Home Mortgage

*Provided*, that, in lieu of overnight courier, Defendant may send such reports or notifications by first–class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E.     For purposes of compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

## V. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant and its agents, employees, officers, corporations, and those persons in active concert or participation with them who

Stipulated Judgment - Metropolitan    Page 7 of 12

receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A. A copy of each separate and materially distinct written prescreened solicitation sent to consumers and any related promotional materials sent to consumers,

B. Written procedures to ensure that consumers who have opted out of receiving prescreened solicitations will not receive prescreened solicitations, and

C. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgement of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## VI. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of service of this Order, Defendant shall deliver copies of this Order as directed below:

A. Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from

Stipulated Judgment - Metropolitan        Page 8 of 12

any change in structure set forth in Subsection A of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## VII. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## IX. COSTS AND ATTORNEYS' FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys' fees incurred in connection with this action.

**IT IS SO ORDERED:**

Dated this 5 day of October, 2009

*David O. Carter*

UNITED STATES DISTRICT JUDGE

The parties, by their respective counsel, hereby consent to the terms and conditions of the Stipulated Order as set forth above and consent to the entry thereof.

Stipulated Judgment - Metropolitan          Page 9 of 12

FOR THE PLAINTIFF
UNITED STATES OF AMERICA:

TONY WEST
Assistant Attorney General
Civil Division
United States Department of Justice

THOMAS P. O'BRIEN
United States Attorney
Central District of California

LEE WEIDMAN
Assistant United States Attorney
Chief, Civil Division

*/s/ Gary Plessman*
GARY PLESSMAN
Assistant United States Attorney
Chief, Civil Frauds Section
California State Bar No. 101233
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2474
Facsimile: (213) 894-2380
E-mail: gary.plessman@usdoj.gov

EUGENE M. THIROLF
Director
Office of Consumer Litigation

KENNETH L. JOST
Deputy Director
Office of Consumer Litigation

*/s/ Alan Phelps*
ALAN PHELPS
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
Telephone: 202-307-6154
Facsimile: 202-514-8742
E-mail: alan.phelps@usdoj.gov

Stipulated Judgment - Metropolitan    Page 10 of 12

FOR THE FEDERAL TRADE COMMISSION

JESSICA RICH
Acting Associate Director
Division of Privacy and Identity Protection

REBECCA E. KUEHN
Assistant Director
Division of Privacy and Identity Protection

KATHERINE ARMSTRONG
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Avenue, NW
Suite NJ-3158
Washington, D.C. 20001
Tel: (202) 326-2252
Fax: (202) 326-3768

FOR THE DEFNDANT:

*[signature]*

DARRYL C. PREEDGE
President
Metropolitan Home Mortgage, Inc.

*[signatures]*

JAMES BRODSKY
ALDYS A. LONDON
Weiner Brodsky Sidman Kider PC
1300 19th Street NW, 5th Floor
Washington, D.C. 20036
Tel:   (202) 628 2000
Fax:  (202) 628 2011

## REASONS FOR SETTLEMENT

This statement accompanies the final order executed by defendant Metropolitan Home Mortgage, Inc., doing business as Wholesale Home Lenders. The final order enjoins Metropolitan Home Mortgage, Inc. from violating the Fair Credit Reporting Act's ("FCRA") Prescreen Opt-Out Notice Rule ("Prescreen Rule"). The final order also requires that entry of a judgment in the amount of $20,000 as a civil penalty be entered against defendant for violations of the FCRA and the Prescreen Rule.

Pursuant to Section 5(m)(3) of the Federal Trade Commission Act ("FTC Act"), as amended, 15 U.S.C. § 45(m)(3), the Commission hereby sets forth its reasons for settlement by entry of a Stipulated Final Judgment and Order for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("final order").

On the basis of the allegations contained in the complaint, and the statutory factors in the FCRA and the FTC Act, the Commission believes that the civil penalty judgment of $20,000 constitutes an appropriate amount on which to base the settlement, and that the provisions enjoining defendant from violating Prescreen Rule should ensure defendant's future compliance with the law. With entry of the final order, the time and expense of litigation will be avoided.

For the foregoing reasons, the Commission believes that the settlement by entry of the attached final order is justified and well within the public interest.